Xiu Zhen SUN, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–70321.
Agency No. A95–176–365.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 2, 2005.**

Decided March 10, 2005.

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, John D. Williams, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Federal Rules Appellate Procedure 43(c)(2).

** This panel unanimously finds this case suit-

MEMORANDUM ***

Xiu Zhen Sun, a native and citizen of the People's Republic of China, petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum and withholding of removal based on claims of religious and political persecution. We deny the petition in part, grant the petition in part, and remand for further proceedings.

## DISCUSSION

### 1. Religious Persecution

The IJ determined that Sun's claim that she was persecuted for being a Jehovah Witness was not credible. That determination "may be reversed only if the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004). Although this standard is deferential, the IJ's "adverse credibility finding must be supported by specific, cogent reasons, and cannot be based on speculation and conjecture." *Id.*

■ Some of the IJ's reasons in support of his adverse credibility determination are based on speculation and conjecture and impermissibly "rest on incidental misstatements that do not go to the heart of [Sun's] asylum claim." *See Chen v. Ashcroft*, 362 F.3d 611, 620 (9th Cir.2004) (internal quotation omitted). Nonetheless, other reasons proffered by the IJ are material and do go to the heart of Sun's claim of religious persecution. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). For example, the IJ noted that Sun failed to explain "how she became a member of the Jehovah's Witness." Sun admitted she did not seek a Jehovah Witness Kingdom Hall until several months after her arrival notwithstanding the importance of her religion. She was unable to contact the missionary in China whom she claims "was in contact with her on at least 50 different occasions" to verify her conversion and "to show that she was a Jehovah's Witness." Finally, Sun admitted that no one from a local Kingdom Hall would "come here and support her testimony" or "verify her attendance." Sun's failure to corroborate that she is a Jehovah Witness goes to the heart of her claim of religious asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723–24 (9th Cir.1997) (holding that petitioner failed to prove he was a Jehovah Witness and noting that "[p]roving one's membership in a church does not pose the type of particularized evidentiary burden that would excuse corroboration.").

### 2. Political Persecution

■ The IJ rejected Sun's contention that she is eligible for political asylum because she was forced to have an abortion pursuant to China's coercive population control policy. Although the IJ questioned Sun's timing in raising the claim and whether her corroborating evidence was authentic, the IJ never questioned Sun's assertion that she was forced to have an abortion. Indeed, the IJ acknowledged that Sun's "forced abortion" demonstrated "past persecution." Thus, as a matter of law, Sun has established her eligibility for asylum. *See Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir.2003) (noting that the "plain language of [8 U.S.C. § 1101(a)(42)(B) ] provides that forced abortions are per se persecution and trig-

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ger asylum eligibility"). Moreover, "past persecution based on a forced abortion gives rise to a regulatory rebuttable presumption that the applicant's life or freedom would be threatened in the future...." *Zheng v. Ashcroft*, 397 F.3d 1139, 1148 (9th Cir.2005) (citing 8 C.F.R. § 208.16(b)(1)(i)) (internal quotation omitted). A remand is required to permit the BIA "to decide whether [Sun] is entitled to withholding in light of [her] presumed future persecution." *Id.* Accordingly, we remand to the BIA to exercise its discretion whether to grant Sun political asylum and to determine if she is eligible for withholding of removal. *See id.* at 1149.